IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40521
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICKY LEE LANDRY,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CR-73-1
- - - - - - - - - - -
December 15, 1997
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ricky Lee Landry challenges his sentence, arguing that the district court erred in denying him a three-level reduction for his acceptance of responsibility and erred in making drug-quantity calculations.

    The defendant's failure to withdraw voluntarily from criminal conduct remains an appropriate consideration under the amended guideline's application notes.  U.S.S.G. § 3E1.1, comment. (n.1(b)).  Continued criminal conduct is a sufficient

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis for denying a reduction for acceptance of responsibility.
See United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990).
Because Landry admitted that he used methadone while on release pending sentence and because the evidence also showed that Landry attempted to fabricate the results of his urinalysis, the district court did not err in denying the three-level reduction.

We further find that the district court's determination that Landry was accountable for 12.69 grams of heroin was not clearly erroneous.  United States v. Bermea, 30 F.3d 1539, 1575 (5th Cir. 1994).

AFFIRMED.